IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN J. WILSON,

    Petitioner,                      No. CIV S-07-0733 MCE EFB P

    vs.

D.K. SISTO, Warden,

                                     ORDER AND FINDINGS
    Respondent.                    AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the August 7, 2006 petition. On October 23, 2007, and again on January 11, 2008, petitioner moved for summary judgment and immediate release and discharge from state custody. A review of these motions reveals that the relief petitioner seeks is entry of default against respondent as a sanction for failure to comply with this court's May 24, 2007, order directing respondent to file a response to the petition within 30 days from the date of the order.

      On December 3, 2007, the court issued an order directing respondent to file a response to petitioner's application within ten days of the date of the order and to show cause why sanctions should not be imposed for his failure to timely respond to the petition. Respondent was not served with this order until December 20, 2007. Docket No. 8. On January 4, 2008, respondent

1

timely filed a motion to dismiss and a response to the order to show cause. *See* Fed. R. Civ. P. 6(a)(2); L.R. 6-136(d). Accordingly, the December 3, 2007, order to show cause will be discharged. Because respondent's motion to dismiss is deemed timely, entry of default is inappropriate. Accordingly, petitioner's above-referenced motions, construed as motions for entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure, must be denied.

Moreover, even if respondent's motion to dismiss had been filed beyond the court-imposed deadline, petitioner would not be entitled to entry of default judgment on his petition. "[T]here is a presumption that the state court judgment, pursuant to which a petitioner has been imprisoned, is valid unless and until a petitioner has made a showing that it is not, and a petition for writ of habeas corpus will not be issued unless a petitioner can establish that he is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Shue v. Sisto*, No. 1:05-cv-00504, 2008 U.S. Dist. LEXIS 11072, at *2-3 (E.D. Cal. Feb. 14, 2008) (quoting 28 U.S.C. § 2241(c)(3)). The failure of respondent to file a timely response does not relieve petitioner of his burden to show that he is in custody in violation of the Constitution of the United States, nor does it entitle petitioner to an entry of default. *See id.* at *3-4 (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990); *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994); *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974); *Bermudez v. Reid*, 733 F.2d 18, 21-22 (2d Cir. 1984).) Thus, regardless of whether respondent is delinquent in responding to the court's orders, the underlying merit to the petition must be established before petitioner is entitled to a writ.

The court now turns to the merits of respondent's motion to dismiss. Respondent contends that the instant petition is untimely and improperly raises issues of state law. For the reasons explained below, the court finds that the petition is untimely.

**I.    Procedural History**

On November 7, 1978 petitioner was convicted by a jury of first degree murder and sentenced to a state prison term of seven years to life. Petition ("Pet."), at 2. On February 25,

1  2003, the Board of Prison Terms (the "Board") conducted a parole consideration hearing for
2  petitioner and found that he was unsuitable for parole. Resp.'s Mot. to Dism., Ex. 1 at 60-66.
3  On May 26, 2003, this decision became final. *Id.* at 66.

4  On February 16, 2006, petitioner filed a petition for writ of habeas corpus in the Alameda
5  County Superior Court, challenging the Board's decision. *Id.*, Ex. 2. On February 22, 2006, the
6  court denied that petition. *Id.* On March 19, 2006, he filed a second petition for writ of habeas
7  corpus in the Alameda County Superior Court. *Id.*, Ex. 3. On March 22, 2006, the court denied
8  that second petition. *Id.*

9  On April 5, 2006, petitioner filed another petition for writ of habeas corpus in the First
10 Appellate District Court of the California Court of Appeal, and on May 17, 2006, the court
11 denied the petition. *Id.*, Ex. 4.

12 On May 24, 2006, petitioner filed yet another petition for writ of habeas corpus with the
13 California Supreme Court, and on July 12, 2006, the court denied that petition. *Id.*, Ex. 5.

14 Petitioner filed the instant application in the U.S. District Court for the Northern District
15 of California on August 7, 2006.[1] He states three grounds for challenging the Board's decision
16 denying him parole. First, he contends that the individualized parole suitability factors cited in
17 the Board's decision were illusive, inapplicable, inappropriate and that the use of these factors to
18 deny him parole violated his due process and equal protection rights, and also violated his rights
19 under the Religious Land Use Institutionalized Persons Act of 2000. Second, petitioner contends
20 that his due process rights were violated because the Board did not conclusively establish that he
21 would be an actual danger to public safety if paroled. Third, he contends that his due process
22 rights were violated because the Board ignored state statutory provisions that serve to limit the
23 Board's discretion in denying parole.
24 ////

---

[1] The Northern District transferred the petition to this court on April 10, 2007.

## II.    Standards

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). A challenge to a decision finding a prisoner unsuitable for parole accrues, and the period begins to run on the date the factual predicate for the claims could have been discovered. *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). Courts ordinarily deem the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole. *See Nelson v. Clark*, No. 1:08-cv-00114, 2008 U.S. Dist. LEXIS 48682, at *7-9 (E. D. Cal. June 23, 2008).

## III.   Analysis

Petitioner participated in and was represented by counsel at the Board's February 25, 2003 hearing. Resp.'s Mot. to Dism., Ex. 1 at 1. At the hearing, the Board provided petitioner with a detailed explanation of why it was denying him parole. *Id.,* Ex. 1 at 60-66. Therefore, petitioner knew of the factual predicate for his claims at the time the Board made its decision, which became final on May 26, 2003. *Id.* at 66. The limitations period began to run on May 27, 2003, the day after the Board's decision became final. Thus, petitioner had until May 26, 2004, to file a federal habeas petition.

Absent tolling, the August 7, 2006, petition is over two years late. A properly filed state post conviction application tolls the statute of limitations. 28 U.S.C.§ 2244(d)(2). Petitioner did not file any state post conviction applications during the limitations period, as his first state petition was not filed until February 16, 2006. Thus, petitioner is not entitled to tolling.

Petitioner indicates he would have litigated his claims earlier but he only became aware of the factual predicate for his claims in January 2006 by talking to other prisoners and reading

4

media reports regarding the California Department of Corrections and Rehabilitation. Pet. 14-15. One of the media reports he cites discusses a case from this district, decided in 2004, that prohibits the Board from using an inmate's lack of participation in faith-based substance programs as a reason for denying parole. He argues that the Board relied on such an improper factor in denying him parole. However, new case law does not qualify as a "factual predicate" under § 2244(d)(1). *See Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005). As explained above, petitioner knew or should have known of the factual predicate of his claims as early as May of 2003, when the Board's decision became final.

Because petitioner filed his application for a writ of habeas corpus beyond the one-year limitations period for doing so, the petition must be dismissed as untimely. The court does not address whether petitioner improperly raised issues of state law.

Accordingly, it is hereby ORDERED that:

1. Respondent's January 4, 2008, motion to dismiss is deemed timely;

2. The December 3, 2007, order to show cause is discharged; and

3. Petitioner's October 23, 2007 and January 11, 2008, motions for summary judgment, both construed as motions for entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure, are denied.

Further, it is RECOMMENDED that respondent's January 4, 2008, motion to dismiss be granted and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

////

5

1  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

2  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated: September 5, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE